No. 10,688.

PETER LABOUISSE VS. ORLEANS COTTON ROPE AND MANUFACTURING COMPANY.

1. A privilege is a right which the *nature* of a debt gives to a creditor, and entitles him to be paid in preference to others from the proceeds of the thing affected with the lien.
2. Privileges can be claimed only for those debts to which it is expressly granted in the Civil Code.
3. He who has sold to another any real or personal property, which is not paid for, has a preference on the price of his property, for the payment of the amount due thereon.
. One who loans to another money with which to purchase property, or pays for the property for another, has no vendor's lien or privilege thereon.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

_____

*Bayne, Denègre & Bayne* for Plaintiff and Appellee.

_____

*W. S. Benedict,* for the Syndic, Appellant.

_____

The opinion of the court was delivered by

WATKINS, J.   On the 5th of May, 1890, plaintiff obtained judgment against the defendant for $12,500, with interest, and thereunder issued execution, and by seizure and sale of property realized the sum of $19,500.

On the 5th of June, 1890, Eugene Soniat, syndic of the creditors of J. B. Lallande, filed a petition of intervention and third opposition, claiming a vendor's lien on the property and its proceeds, whereby the said insolvent succession is alleged to be entitled to be paid the amount of certain judgments, and in preference to the plaintiff in execution, and other creditors of defendant.

To this petition the plaintiff in execution filed an exception of no cause of action. This exception was regularly set down for trial, and due notice thereof was given to the syndic. On the day fixed, the exception was tried and sustained, and the intervention dismissed. . From this judgment the syndic appealed suspensively.

The ground on which the intervenor and third opponent claimed a vendor's lien is "that each and every part of the property of said

Labouisse vs. Rope Company.

company was purchased and paid for with the funds of " the insolvent.

Wherefore its averment is that it is entitled to be paid in preference to plaintiff as seizing creditor.

It is manifest that on this showing intervenor and third opponent has no vendor's lien whatever. The fact alleged that the company's property was purchased and *paid for*, albeit, with the funds of the insolvent, is a *conclusive* admission that there was no vendor's lien upon it. If the insolvent *purchased* the property for the defendant, he surely was not the vendor; and if he *paid for it*, there was no lien upon it. Succession of Benjamin, 39 An. 612.

This ground of the intervention failing the third opponent, it is useless to consider others.

The appellee answered, and claimed damages for a frivolous appeal.

Dealing, as we are, with an insolvent's estate, we are not disposed to allow his demand, while it may be that the right of appeal has been abused. The funds have not been tied up for more than six months, and the record discloses that other creditors were contesting, at the same time, and successfully, plaintiff's right to payment in full from the funds by preference.

Judgment affirmed.

### ON APPLICATION FOR REHEARING.

BERMUDEZ, C. J. The third opponent complains that his case was not sufficiently stated by the court; that besides claiming the vendor's privilege, which was considered and denied him, he had asserted other rights to the proceeds of sale under certain judgments.

A new reference to the third opposition shows that such is the fact, but that there is no specification of what those judgments were. The dates of the judgments, their amounts, the numbers of the cases on which rendered, are all *in blank*, and no copy of the judgments is attached to the opposition.

Not the slightest reason is assigned for which any mortgage right is claimed. It is not even alleged that the judgments have been recorded and affected the property at the time of sale.

Such loose preferments are not entitled to notice.

Although the judgment sets at rest the pretensions to preference by reason of the alleged vendor's privilege, it does not debar recovery on the judgments in subsequent proceedings if under them, in consequence of justifying registry, the insolvency has any rights.

Rehearing refused.