PROVOSTY, J.
This is a suit for the appointment of a receiver, and plaintiff brings it in his quality of a stockholder. We think he is estopped in the premises, he having acquired his stock with full knowledge of the facts upon which he bases his suit. Courts are extremely reluctant to interfere with the affairs of a corporation at the suit of a minority of the stockholders, and will not do so at the suit of a stockholder who acquired his stock with full knowledge of the conditions of which he complains. Dimpfel et al. v. Ohio & Miss. R. R. Co. et al., 110 U. S. 209, 3 Sup. Ct. 573, 28 L. Ed. 121; Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827.
Plaintiff acquired the stock from his son. For defeating the estoppel thus invoked against him, he contends that the son held the stock by donation from him, and that this donation was revoked, and that the effect of this was to place matters in the same situation as if the donation had never been made; that is to say, as if he had been owner of the stock from the beginning. We need not go further into this contention than to say that the son was the original subscriber to the stock, and continued to be owner of it up to the time of the transfer to plaintiff, on the day before the filing of this suit. Plaintiff may have given to his son the money to pay for the stock; but never gave the stock itself. Furnishing the money wherewith to pay for property does not give rise to a privilege (Succession of Benjamin, 39 La. Ann. 612, 2 South. 187; Labouisse v. Rope Co., 43 La. Ann. 245, 9 South. 204); and still less to ownership.
We concur fully with the reasons for judgment of the learned judge a quo, which are as follows:
Opinion.
“This is an application for the appointment of a receiver.
“The evidence shows that plaintiff acquired the stock on which he bases his right of action after the occurrences of which he complains, and with full knowledge of all the circumstances; after the stock had been voted in favor of a resolution against liquidating the corporation, and after an application similar to this had been made by the former holder of the stock and rejected.
“It further shows that he acquired it after the former holder had, by his application for a receiver, defeated for the time being the carrying into effect of a resolution to increase the capital stock of the corporation, which increase, so it was said, was a condition upon which said stock was voted in favor of continuing business, although, strange to say, this was the only stock voted against such increase.
“It further shows that plaintiff is a delinquent as to the stock subscribed for by himself, and by virtue of which he sat and acted as a director, and that suit had been filed against him for the amount of said stock long before this application was made.
“It further shows that plaintiff has been on the directory of the corporation from its organization to the present time; that his position and influence as director have not been used— especially lately — for the advantage, but rather to the detriment, of the corporation and its business, where possible.
“It further shows that the affairs of the corporation have been honestly and faithfully administered by its officers; that the charge' that policies have been recklessly and improvidently issued is unfounded, and that the question whether the company has failed to comply with the requirements of law (a debatable question) is now at issue between the state and the company ; but that, in any event, the company has made, and is still making, in good faith, every effort to comply with requirements, and would, in all likelihood, have succeeded but for the pendency of this suit.
“The evidence does show that the business of the corporation has been as successful as it had been hoped for: but pendency of this and the former proceedings, and plaintiff’s ill will toward the comuany, are in a measure responsible for these conditions, which are, however, by no means so hopeless or discouraging as plaintiff claims, the company being amply solvent, and having on its books a considerable volume of valuable business in excess of the negotiable assets which it still has on hand.
“These being the facts as I find them, my conclusion is that there is no ground for the appointment of a receiver.
“Plaintiff is estopped from complaining of anything which had occurred and of which he had knowledge before he acquired his stock. One will not be permitted to acquire an interest in a corporation for the sole purpose of foment *992 ing discord and litigation, and the presumption 'is that such is his purpose when he acquires stock under circumstances such as these, and follows it immediately by bringing suit. Nor ■can a stockholder be heard complaining of the fail-ire to collect subscription to capital stock when he himself is a delinquent, and when suit has actually been filed against him to compel payment for his stock, which suit he is contesting. Nor will he be permitted to urge that the corporation has failed to comply with certain requirements of law when that question is at is■sue between the state and the corporation, and when the chief obstacle to such compliance comes from the course of conduct which he him.self pursues, and the consequent inability of the ■corporation for the time being to raise the necessary capital.
“For the rest the mere fact that the business ■of a corporation has not been prosperous, especially in the first year of that business, affords no grounds for the appointment of a receiver, particularly when the complainant is partly responsible therefor. As for the charges of irregularity and misconduct, they are not sustained by the evidence.”
Judgment affirmed.
BREAUX, O. J., concurs.