## WHITTINGTON v. NELSON BROS. CONST. CO. et al.

### No. 958.

Court of Appeal of Louisiana. First Circuit.

May 3, 1932.

W. M. Barrow, of Baton Rouge, for appellants.

Ellis, Ellis & Ellis, of Amite, for appellee.

MOUTON, J.

Nelson Bros. Construction Company, a defendant herein, was engaged as the contractor to construct or build highway No. 51, between Hammond and Amite, La.

Plaintiff, a merchant of Tangipahoa, alleges that J. H. Newton Construction Company was employed by the Nelson Construction Company to build the shoulders on that highway, as a subcontractor. He further alleges that between July and November, 1929, he sold feedstuff to the J. H. Newton Construction Company amounting to $556.80, which was fed to mules owned by Newton while they were being used in doing work on the aforesaid highway No. 51, and alleges that the claim for said amount is secured by a lien or privilege under Act No. 203 of 1924, page 321.

Under the prior Act of 1918, No. 224, p. 406, a contractor employed to build public roads, etc., was required to furnish a bond with solvent surety for the protection of the furnisher of materials, etc., used in the construction or repairs of such roads to guarantee the payment of such supplies by the contractor or subcontractor.

Under Act No. 203 of 1924, page 321, this protection was extended to persons or firms furnishing food for consumption by mules or other live stock used by any contractor or subcontractor in the construction or repair of public roads or public works of any character.

Section 3 of Act 203 of 1924 grants to the party furnishing food for mules so employed the same privilege previously accorded to the furnisher of materials used in the construction of such works.

This act says, however, that this privilege is allowed for food for mules used and employed by "contractor or subcontractor" in the construction, erection, etc., of public roads; Act No. 224, 1918, refers to materials used in these public works by "contractor and subcontractor."

Plaintiff, therefore, in asserting its privilege under the act of 1924, alleged that it had furnished the food to J. H. Newton Construction Company, subcontractor of Nelson Bros., and which had been consumed by the mules while used in building the shoulders on highway No. 51.

The defendants, Nelson Bros. Construction Company, and its bonding company, the Union Indemnity Company, first denied that the J. H. Newton Company was a subcontractor of Nelson Bros., and that the amount demanded by plaintiff was secured by privilege.

Notwithstanding these specific denials, defendants, Nelson Bros. and the Union Indemnity Company, allege that Nelson Bros. had furnished a bond with the indemnity company as surety in a sum sufficient to cover all "valid liens which were not paid at that time, among which is the alleged unpaid lien of petitioner."

The evidence shows that J. H. Newton or his company hired the mules to the Nelson Bros. Construction Company, which was engaged in building the highway. The mules were hired by the hour, and were fed by J. H. Newton, the owner, who had rented them to Nelson Bros. It is clearly established that the whole work on that highway was under the exclusive supervision of the Nelson Bros. Construction Company, and that at no time was J. H. Newton or his company a subcontractor of Nelson Brothers.

The issues in reference to the existence of a privilege are controlled by the denial of defendant that J. H. Newton Company was a subcontractor and by the evidence which shows fully that it never worked on that highway and was in no sense a subcontractor.

It is true that defendants, in their answer, admitted, as hereinabove stated, that a bond had been furnished by the Union Indemnity Company to cover all "valid liens," among which was that of the plaintiff. This admission cannot, however, overcome the denial and proof showing that the J. H. Newton Company was not a subcontractor. It had no such status, as is established by the evidence. Besides, a privilege arises from the nature of a debt, Civ. Code art. 3186; must be expressly granted by the Civil Code, as was said in Labouisse v. Orleans Cotton-Rope & Mfg. Company, 43 La. Ann. 245, 9 So. 204, or by statute, which is the universally accepted doctrine. A privilege cannot be created by stipulation or contract, as it is always the creature or offspring of the law. Such being the situation, on this subject, the admission that plaintiff had his unpaid privilege protected by the bond could not have the effect of establishing a lien in his favor. The admission, after all, was of a privilege that had no existence and which was therefore ineffectual. It is admitted that Nelson Bros., the contractors, made a final settlement with the Louisiana highway commission for the building of the highway in question; that a bond was given by Nelson Bros. with the Union Indemnity Company, one of the defendants herein, as surety, and that a clear lien certificate was furnished by the clerk of court of Tangipahoa parish to Nelson Bros.

This bond was furnished by Nelson Bros., contractors, in accordance with the provisions of Act No. 248 of 1924, p. 425.

The contractor is permitted under that statute to thus bond any claim or claims which may be filed or recorded against the work in which the contractor may be engaged for the protection of the interest of claimants.

This bond, as is declared in the statute, is for the protection of the claims which may be recorded against the work, thus creating a lien or privilege in favor of the claimant. The fact is that plaintiff's petition, in referring to such claims, characterizes them as those liens which were not paid when that bond was furnished by Nelson Bros., "among which liens is that of your petitioner."

Evidently, plaintiff could have no lien or privilege against Nelson Bros. for the feed claimed by him, as it was not furnished to them for consumption by the mules used in the construction of the highway. When the contractor sublets his contract or part of it to a subcontractor, he becomes responsible for the work of the subcontractor, for food consumed by mules used in the construction of the work, by the subcontractor, thus a lien or privilege is created against the work for which the contractor or subcontractor is liable.

The bond in this case was furnished to protect any claimant that might have a privilege resulting from such conditions or state of facts.

Here, there was no food supplied to a subcontractor or contractor, and plaintiff has no lien or privilege. The bond was given to protect liens or privileges to which claimants might be entitled, but was not given to respond for ordinary debts or such as might have been contracted with third persons not connected with the work as subcontractors or contractors.

Nelson Bros. are not bound for the feed furnished to J. H. Newton, a third party, not connected with the work in question, as a subcontractor or otherwise, nor is the Union Indemnity Company, the surety of Nelson Bros., liable therefor. It may be that the J. H. Newton Construction Company is liable for the food furnished his mules, about which, however, we can express no opinion, as that company has not appeared in the case, and is not before this court as appellant or appellee.

The judgment will have to be reversed in so far as it affects the Nelson Bros. Construction Company and the Union Indemnity Company.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided, annulled, and reversed; and that the demand of the plaintiff against the Nelson Bros. Construction Company and the Union Indemnity Company, defendants herein, be denied and rejected at his cost in both courts.