James Frank PALMER, Appellant,

v.

Morris B. MORRIS et al., Appellees.

No. 19831.

United States Court of Appeals
Fifth Circuit.

April 29, 1963.

Rehearing Denied May 27, 1963.

William W. Halper, Miami Beach, Fla.,
Martin Horwitz, New York City, of
counsel, for appellant.

Jerome G. Greene, Don G. Nicholson,
Bert Sager, Miami, Fla., Marwin S.
Cassel, Miami Beach, Fla., and Nicholson, Howard & Brawner, Miami, Fla.,
for defendants-appellees.

Before TUTTLE, Chief Judge, and
. JONES and GEWIN, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from an order of the
trial court dismissing this derivative action brought by the appellant against the
Arnold Altex Aluminum Company and
its directors, an action that was set out
in the trial court in a Supplemental
Amended Complaint consisting of fourteen counts.

The action was concededly covered
by Rule 23(b) Federal Rules of Civil
Procedure, since it is a secondary action
brought by shareholders based on the refusal of the corporation to enforce the
alleged rights of the plaintiff.[1]

All parties to this appeal treat the
matter as though the trial court based
its dismissal of the fourteen counts of
the Complaint on two separate grounds.
(1) All of the counts that alleged transactions that had been entered into by the
defendants at a time prior to the acquisition by the appellant of his stock in
Altex Company were dismissed under the

1. "In an action brought to enforce a secondary right on the part of one or more
shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which
may properly be asserted by it, the complaint shall be verified by oath and shall
aver (1) that the plaintiff was a shareholder at the time of the transaction of
which· he complains or that his share
thereafter devolved on him by operation
of law and (2) that the action is not a
collusive one to confer on a court of
the United States jurisdiction of any action of which it would not otherwise have
jurisdiction. The complaint shall also
set forth with particularity the efforts
of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action
as he desires, and the reasons for his
failure to obtain such action or the reasons for not making such effort."

provision of Rule 23(b) that "the plaintiff was a shareholder at the time of the transaction of which he complains." (2) As to all other counts of the Complaint, the trial court sustained the motion to dismiss on the ground that they were not sworn to on the personal knowledge of the appellant, but rather were sworn to "on information and belief."

█ Dealing first with the second of the grounds of dismissal, we know of no authoritative decision of a Federal Court that has construed the Rule 23(b) to require that the plaintiff swear on his own personal knowledge to all of the facts alleged in an action of this kind. The very nature of the cause of action sued upon, dealing as it does with facts that are peculiarly within the knowledge of the defendants but which can be discovered by a plaintiff frequently only by the most searching inquiry by deposition or on examination in court, gives point to the language of the United States District Court for the Southern District of New York in Murchison v. Kirby, 201 F.Supp. 122, 27 F.R.D. 14.

"Obviously there are instances where the facts to support a charge necessarily come from sources other than the litigant, and this is particularly true in conspiracy cases. It is common knowledge that a conspiracy is rarely established by direct evidence. Rather it is usually proved by indirect or circumstantial evidence, and the acts and conduct of the alleged co-conspirators from which the existence of the alleged conspiracy reasonably may be inferred. To require a plaintiff charging a conspiracy to have personal knowledge of essential evidence necessary to sustain the allegations of his complaint would, in most instances, debar the maintenance of the action."

We conclude that there was no justifiable basis for the dismissal of the Complaint by reason of the fact that the allegations in most of the counts were based on information and belief rather than being sworn to on the personal knowledge of the affiant.

█ Turning next to the action of the court in dismissing the remaining counts of the Complaint, we find that in all of these counts it was charged that the defendants, or some of them, had entered into transactions at a time prior to the acquisition of the stock in the company by the plaintiff, but, so it was alleged, the company was still paying out sums of money pursuant to the negotiations that had been entered into at the earlier date and that these sums of money, either in the forms of rentals which were alleged to be excessive and exorbitant or for services which it was alleged were of no benefit to the company but were entered into solely for the benefit of the individual defendants, were still being made. The attack made by the plaintiff in these counts was not against the initial transaction but against the payments currently being made pursuant to them.

Each of the counts referred to sufficiently stated the facts and circumstances touching on the alleged illegality of the payments currently being made so that these counts could not be dismissed as dealing only with transactions that had completely occurred and been terminated prior to plaintiff's acquisition of his stock. We are unable upon the basis of the record itself to determine that as a matter of law these counts failed to assert illegal conduct by the officers of the company subsequent to the acquisition of the stock by the plaintiff and at a time when he had a right to complain thereabout.

We are in receipt of a motion filed since oral argument in the case by counsel claiming to represent Arnold Altex Aluminum Company and appellees, R. S. Levy, Harry A. Levy and Jacob L. Friedman, in which they seek the right to supplant counsel heretofore purporting to represent these parties on the trial and on appeal, it being asserted that there is a conflict of interest as among the several defendants.

In view of the disposition which we make of the case, we find it unnecessary to pass on this motion.

We conclude that the order of the trial court dismissing the Complaint was erroneous and the order is vacated and set aside. The case is remanded to the trial court for further proceedings not inconsistent with this opinion, and with the further right in the trial court to consider the motion now presented for the first time to this Court by the named respondents, Arnold Altex Aluminum Company, R. S. Levy, Harry A. Levy and Jacob L. Friedman.

Reversed and Remanded.