**In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.**

**In re The FIDELITY BANK**

v.

**TRUSTEES OF the DEBTOR.**

No. 70-347.

United States District Court,
E. D. Pennsylvania.

Nov. 17, 1971.

See also D. C., 335 F.Supp. 832.

Blank, Rome, Klaus & Comisky by Gilbert Stein, and Gerald Broker, and John F. Bomster, Philadelphia, Pa., for the Trustees, Penn Central Transportation Co.

Morgan, Lewis & Bockius by John H. Lewis, Jr., and John N. Schaeffer, Jr., Philadelphia, Pa., for the Fidelity Bank.

Duane, Morris & Heckscher by Williamson P. Donald, Philadelphia, Pa., for Bankers Trust Co. and Manufacturers Hanover Trust Co.

Dechert, Price & Rhoads by Matthew Broderick, Philadelphia, Pa., for Penn Central Co.

Drinker, Biddle & Reath by Jack B. Justice, Philadelphia, Pa., for Chase Manhattan Bank.

Tate & Ervin by W. Bourne Ruthrauff, Philadelphia, Pa., for Richard Joyce Smith, trustee, New York, New Haven & Hartford Railroad.

Fox, Rothschild, O'Brien & Frankel by Nochem S. Winnet, Philadelphia, Pa., for First Natl. City Bank of New York.

Ballard, Spahr, Andrews & Ingersoll by Richardson Blair, Philadelphia, Pa., for Morgan Guaranty Trust Co.

## MEMORANDUM AND ORDER NO. 494

FULLAM, District Judge.

The Fidelity Bank filed a motion (Document No. 1945) seeking leave to commence a plenary action against the Debtor and the Trustees. The gist of the proposed action is a challenge to the validity of a 401-year lease, entered into in 1873, between the Debtor's predecessors and the New York and Harlem Railroad Company, pursuant to which the Debtor has possession of, and the right to sell, all of the property of the lessor, including valuable interests in real estate in the vicinity of Grand Central Terminal in New York City, which the Trustees of the Debtor are considering selling for substantial amounts of money. The proposed action, if successful, would either block such sales or restrict the use of the proceeds.

At the hearing on this motion, it became clear that (a) the proposed litigation was within the summary jurisdiction of the reorganization court, and (b) it was within the discretion of this Court to permit the plaintiffs to proceed in a separate plenary action.

It was, and is, also quite clear that, so long as this Court retains control over the litigation, the question of whether the litigation should proceed within the framework of the reorganization proceeding itself, or .as a separate plenary action assigned to the writer of this memorandum, would be of little or no practical consequence to anyone (the issues raised are essentially legal; it appears unlikely that there would be any substantial factual dispute). Accordingly, on October 19, 1971, I entered Order No. 456, granting the motion of the Fidelity Bank so long as the proposed action was filed in this District. A plenary action has been filed (Civil Action No. 71–2592) and assigned to the docket of the writer.

At the hearing, counsel for the plaintiffs, while not objecting to the proposed arrangement, expressed some reservation as to whether jurisdiction and venue of such a separate plenary action could properly be laid in this District. Upon examination of the papers filed in the Clerk's office, I note that counsel has certified merely that the plenary action is "ancillary to" the reorganization proceeding. It appears that diversity is lacking, and there may not be federal question jurisdiction. Since there clearly is jurisdiction in the reorganization court, and since it seems desirable to eliminate any possible jurisdictional question which might later arise, I believe it appropriate to enter an order, in both proceedings, the effect of which is to consolidate Civil Action No. 71–2592 into the reorganization proceeding (Bankruptcy No. 70–347) for all further proceedings. It should be emphasized, however, that the principal aim of this consolidation is to remove a possible jurisdictional cloud, and not to deprive any of the parties of any procedural safeguards to which they would reasonably be entitled under either method of procedure. In the absence of specific objection, the Court will assume that the parties are satisfied that their procedural rights are not being invaded.