**In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.**

**In re The FIDELITY BANK et al. v. PENN CENTRAL TRANSPORTA-TION COMPANY et al. Civil Action No. 71-2592; Defendant's Motion to Dismiss.**

**No. 70-347.**

United States District Court, E. D. Pennsylvania.

April 10, 1972.

John H. Lewis, Jr., Christopher Walters, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

Gilbert Stein, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER NO. 647

FULLAM, District Judge.

Plaintiff, a minority shareholder in the New York and Harlem Railroad Company (Harlem) has brought this derivative suit (consolidated with the reorganization proceedings by Order No. 494, 335 F.Supp. 831) against that corporation and against the Debtor and its Trustees.

Defendants have moved to dismiss on the ground that plaintiff did not comply with Fed.R.Civ.P. 23.1(1) by alleging that it was a shareholder at the time of

the transactions complained of.[1] The complaint does allege that "the matters complained of herein occurred either while plaintiff was a shareholder of defendant Harlem or are continuing wrongs," and that plaintiff has been a beneficial owner of shares since May 15, 1962. The issue, then, is the correctness of plaintiff's conclusion that the contemporaneous ownership requirement is met.

Plaintiff is challenging the validity and effect of an 1873 lease from Harlem to Debtor's predecessor, under which the Debtor is permitted to sell the demised premises and retain the proceeds until the expiration of the 401-year term of the lease.

The complaint is in four counts, only three of which are dealt with in the present motion. Count I alleges that the lease was and is unconscionably unfair and burdensome to Harlem, and that at the time of execution of the lease, the lessee owned a majority of the stock and controlled the Board of Directors of Harlem. Count II alleges that the lease and amendments thereto were never approved by the Harlem's directors or shareholders, or by the appropriate New York State regulatory commission. In both of these Counts, plaintiff demands cancellation of the lease or of the sale provision, or an order for payment of a reasonable rental.

■ Count III alleges that the Debtor has failed to comply with its obligations under the lease, which failure constitutes a condition of default, and demands judgment terminating the lease.[2]

■ ■ The contemporaneous ownership rule is designed to prevent the "buying" of a lawsuit by persons who purchase stock with the intention of bringing a derivative action and winning damages for the corporation which will increase the value of the stock, see C. Wright, The Law of Federal Courts, 319 (2d ed. 1970); that danger is not present in this case. See Palmer v. Morris, 316 F.2d 649 (5th Cir. (1963). Although the lease was entered into before plaintiff acquired its stock, the complaint alleges a continuing lease and continuing injury. Rule 23.1(1) has not been violated; the motion to dismiss will be denied.

1. Another alleged defect, that the complaint was not verified as required by Rule 23.1, has been cured by amendment of the complaint.

2. Plaintiff also demands in this Count that the Debtor be required to account to the class represented by plaintiff (*i. e.*, all stockholders of Harlem other than the

Debtor) for dividends and rent due under the lease. This is not a derivative, but a direct, claim and the contemporaneous ownership requirement is inapplicable. Spalitta v. Naional American Bank, 444 F.2d 291, 294 (5th Cir.), cert. denied, 404 U.S. 883, 92 S.Ct. 212, 30 L.Ed.2d 164 (1971).