**KONA ENTERPRISES, INC., individually and derivatively on behalf of Hanford's, Inc., Nationwide Industries, Inc., Plaintiff–Appellant,**

and

**Balanced Value Fund; Tach One, on behalf of Montrose Nationwide Limited Partnership; Wayne M. Rogers; Jack M. Gertino, Plaintiffs,**

v.

**ESTATE OF Bernice Pauahi BISHOP, by and through its trustees, Henry H. Peters, Myron B. Thompson, Oswald K. Stender, Richard S.H. Wong, and Lokelani Lindsey; Matsuo Takabuki,**

**individually; William S. Richardson, individually; Myron B. Thompson, individually; Henry H. Peters, Jr., individually; Hanford's Inc.; Nationwide Industries, Inc.; Montrose Nationwide Limited Partnership; Snap Products, Inc.; Hanford's Creations, Inc.; John Does 1–10, Defendants–Appellees.**

No. 98–16197.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 27, 1999.

Decided June 4, 1999.

Russell S. Walker, Woodbury & Kesler, Salt Lake City, Utah, for the plaintiff-appellant.

David Schulmeister, C. Michael Hare, Kelly G. LaPorte, Cades Schutte Fleming & Wright, Honolulu, Hawaii, for the defendants-appellees.

Before: FARRIS, NOONAN and GRABER, Circuit Judges.

FARRIS, Circuit Judge:

### Background

Kona Enterprises was used as a vehicle for several investors, including Defendants, to gain control of Hanford's, Inc., a seasonal decorations company, and Nationwide, an automobile products manufacturer. We refer to Hanford's and Nationwide collectively as the "Companies." The Bishop Estate provided several letters of credit to avoid foreclosure by the Companies' creditor. After allegedly rejecting alternative financing arrangements, the Bishop Estate bought the Companies' loans. It eventually foreclosed when the loans went unpaid, taking all of the stock and assets of the Companies under the stock pledge agreement.

Kona and its other shareholders[1] sued Defendants, alleging breaches of fiduciary duties as well as breaches of the covenant of good faith and fair dealing. Kona also alleged interference with corporate opportunity and corporate governance.[2] The district court held that Kona had not asserted any direct claims against Defendants and that it lacked standing to pursue any derivative claims.

Kona asserts two arguments in this appeal: (1) that the district court erroneously held that it had not asserted a direct

---

1. For simplicity in nomenclature, we use Kona as a proxy for the plaintiffs.

2. Although it never proceeded beyond the early stages of discovery, this case has been litigated in North Carolina state court, in the District of Utah, and now here. The North Carolina suit was voluntarily dismissed and the Utah suit was dismissed for improper venue.

claim for damages against Defendants, and (2) that to the extent it is required to pursue its claims derivatively, it has standing to do so. If it does not have standing in the traditional sense, it contends the district court erred in not allowing equitable standing under the facts of this case.

### Discussion

■ Whether Kona can assert a direct claim based on the allegedly wrongful foreclosure of its shares in the Companies is a question of law reviewed de novo. *See Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir.1998). Likewise, whether Kona had derivative standing to assert claims on behalf of the Companies is reviewed de novo. *See Cohen v. Stratosphere Corp.,* 115 F.3d 695, 700 (9th Cir.1997).

■ We conclude that Kona has not asserted any direct claims against Defendants. Kona made clear at oral argument that it seeks only damages equal to its investment in the Companies. The damages Kona seeks represent a diminution in value of the Companies, allegedly resulting from wrongful acts by Defendants. Kona thus seeks recovery for wrongs to the Companies that resulted in a decline in the value of its stock. Kona alleges no disproportionate injury sufficient to make out a direct claim. Further, Kona does not contend the process of foreclosure by Defendants was unlawful and does not seek return of its shares. Therefore, no direct claim has been asserted.

Kona argues it nonetheless has standing to assert derivative claims. It asserts it need not meet the continuous share ownership requirement of Federal Rule of Civil Procedure 23.1 for two reasons. First, it contends that the standing requirements of Rule 23.1 are substantive in nature and under *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), state law should apply to this derivative suit. Second, Kona contends that an equitable exception to Rule 23.1 is appropriate where "a claimant has lost its shares involuntarily through the same wrongful con-

duct which is the subject of the derivative claims."

■ Whether Rule 23.1's continuous share ownership requirement is applicable in diversity cases is an issue of first impression in this Circuit. We have discussed the issue in previous decisions, but none of our holdings has required us to resolve it. *See, e.g., Sax v. World Wide Press,* 809 F.2d 610, 613 (9th Cir.1987) (making the statement, in dictum, that "[i]n federal courts, derivative suits are subject to the procedural requirements of Fed.R.Civ.P. 23.1."). Likewise, "the controversy has not been laid to rest by the [Supreme] Court, although once, speaking generally about former Rule 23(b), the Court suggested that the provision may be given effect in a federal court even though state law contains no comparable requirement." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1829, at 78 (2d ed.1986) (citing *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)).

■ We agree with our own statement in *Sax* that Rule 23.1's continuous share ownership requirement is procedural in nature and thus applicable in diversity actions. *Cf. id.* at 77 ("the contemporaneous ownership requirement [of Rule 23.1] has generally been given effect by the federal courts in the face of inconsistent state law on the subject."). Accordingly, Kona's failure to own stock in the Companies contemporaneously with bringing suit deprives them of standing to pursue their claims derivatively.

Even if Rule 23.1 were inapplicable in diversity actions, state law would likely cause us to reach the same result. Although the continuous share ownership requirement has been adopted in many jurisdictions, some states, including North Carolina and Pennsylvania, whose law we are urged to apply by Kona, have less demanding standards. Those standards, however, still require share ownership at

the time of the transaction(s) complained of and at the time the suit is filed. *See, e.g., Alford v. Shaw,* 327 N.C. 526, 398 S.E.2d 445, 449 (1990) (holding that a plaintiff who is "a shareholder at the time of the transaction about which he is complaining *and at the time the action is filed*" need not continue share ownership throughout litigation) (emphasis added); *Drain v. Covenant Life Ins. Co.,* 454 Pa.Super. 143, 685 A.2d 119, 125 (1996) (citing the explanatory comment to its applicable rule and stating that share ownership is not required "subsequent to the commencement of the action."). The same conclusion would thus be reached regardless of the analysis applied.

■ Kona next argues it need not meet the continuous share ownership requirement because it is entitled to equitable standing under the facts of this case. Kona identifies two situations in which equitable standing to non-shareholders has been granted.

The first situation is found in *Eastwood v. National Bank of Commerce, Altus, Okla.,* 673 F.Supp. 1068 (W.D.Okla.1987). Similar to the instant case, *Eastwood* involved a bank that foreclosed on stock pledged to it as collateral for providing loans that ultimately were not repaid. The court determined that, consistent with the purpose of Rule 23.1, the plaintiff "has an adequate interest in vigorously litigating the corporate claim" where the success of the claim is inextricably linked to whether the plaintiff is successful in setting aside or rescinding the sale (or foreclosure) of the stock. *Id.* at 1077.

The second situation in which equitable standing has been granted is the "merger cases." In these cases, equitable standing has been granted where the plaintiffs contended they had lost their stock due to the same wrongful conduct that was the subject of the derivative suit they were trying to bring. The courts have focused on the fact that, because a merger had occurred, the company on whose behalf the plaintiffs were suing had disappeared. An excep-

tion to the continuous share ownership requirement of Rule 23.1 was thus deemed appropriate. *See, e.g., Keyser v. Commonwealth Nat'l Fin. Corp.,* 120 F.R.D. 489 (M.D.Pa.1988); *Miller v. Steinbach,* 268 F.Supp. 255 (S.D.N.Y.1967).

Kona fits into neither of these exceptions. It has not sought recovery of its shares in the Companies, which could potentially provide it standing to pursue derivative claims. Kona did not even seek a recission of the stock pledge agreement or challenge the foreclosure. As such, the *Eastwood* exception is unhelpful to Kona.

Also, since no merger occurred and the Companies still exist, the "merger" exception does not apply:

> In the merger situation, the disappearing corporation's shareholders still retained some interest, even though it was in the surviving corporation, and since the disappearing corporation no longer existed, such shareholders were the only ones who could bring an action to protect their interests in the disappearing corporation. Here, plaintiffs have not only lost their interest in [the corporation], but [the corporation] still exists and either it or its present shareholders suing derivatively under Fed.R.Civ.P. 23.1 may seek recovery for any harm suffered by [the corporation] . . .

*Bosse v. Crowell Collier and Macmillan,* 565 F.2d 602, 613 (9th Cir.1977).

AFFIRMED.