FILED
United States Court of Appeals
Tenth Circuit

**April 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DANIEL C. CADLE,

        Plaintiff-Appellant,

v.

KERRY R. HICKS; GLEN ALLEN
DODGE; J.D. KLEINKE; PETER H.
CHEESEBOROUGH; LESLEY S.
MATTHEWS, M.D.; MARK
PACALA; JOHN QUATTRONE;
HEALTH GRADES, INC., a Delaware
corporation (nominal defendant),

        Defendants-Appellees.

No. 07-1278
(D.C. No. 06-cv-2547-RPM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

Daniel C. Cadle appeals the district court's dismissal of his shareholder

derivative lawsuit. We have jurisdiction under 28 U.S.C. § 1291, and **AFFIRM**.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Cadle is a minority shareholder of Health Grades, Inc., a publicly-traded company incorporated in Delaware. In the fourth quarter of 2004, Health Grades voted to indemnify its chief executive officer and controlling shareholder, Kerry R. Hicks, for legal fees that he incurred in connection with certain litigation and arbitration proceedings against Cadle and two companies in which Cadle owns interests. Health Grades' decision to indemnify Hicks was disclosed in early 2005 in its Securities Exchange Commission ("SEC") Form 10-K filing for 2004 and in its SEC Form 10-Q filings starting in March 2005. Health Grades has made periodic payments to Hicks pursuant to its indemnification decision.

Cadle filed a derivative lawsuit to challenge the payments, and defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 23.1. After a hearing, the district court concluded that, contrary to the requirements of Rule 23.1, Cadle: (1) had not asserted that he owned his Health Grades shares at the time of the disputed transaction, and (2) could not fairly and adequately represent the interests of the other minority shareholders. The court therefore orally granted the defendants' motion to dismiss and later issued a short written order dismissing the action. In his appeal, Cadle challenges both of the district court's determinations.

## II

Defendants' motion to dismiss cited both Rule 12(b)(6) and Rule 23.1. The transcript of the hearing on the motion indicates that the district court considered both rules in making its decision, although the court's written order cited only Rule 12(b)(6). Rule 12(b)(6) dismissals are reviewed de novo. MediaNews Group, Inc. v. McCarthey, 494 F.3d 1254, 1260 (10th Cir. 2007). Determinations under Rule 23.1 are generally reviewed for an abuse of discretion. See deHass v. Empire Petroleum Co., 435 F.2d 1223, 1228 (10th Cir. 1970). Nevertheless, to the extent that the district court's decision under Rule 23.1 rests on a question of law or a mixed question of law and fact that primarily involves legal principles, our review is de novo. See Allison v. Bank One-Denver, 289 F.3d 1223, 1233 (10th Cir. 2002) (question of law); Mullan v. Quickie Aircraft Corp., 797 F.2d 845, 850 (10th Cir. 1986) (mixed question). Because this appeal turns primarily on the resolution of legal principles, we must conduct a de novo review under either rule.

We conclude that the district court correctly dismissed the suit on the ground that Cadle did not assert that he owned his shares at the time of the disputed transaction. Accordingly, we need not consider the court's alternative

ground for dismissal, that Cadle was not an adequate representative of the other minority shareholders.[1]

## A

In relevant part, the version of Rule 23.1 in effect at the time of the district court's decision provided: "[T]he complaint . . . shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains . . . ."[2] This requirement is commonly known as the contemporaneous-ownership rule. Cadle's complaint asserted that "Cadle currently is a shareholder of Health Grades . . . " but he did not assert that he owned his shares at the time of the transaction of which he complains. Thus, on its face, the complaint was

---

[1]     Cadle argues that the district court improperly relied on documents outside of the complaint in deciding the Rule 12(b)(6) motion. The majority of the documents to which he objects, however, are relevant only to the district court's alternative grounds for dismissing the action, which we do not address. To the extent that the district court may have relied on the SEC Form 10-K and Form 10-Q filings, we note that those documents are referred to and quoted in the complaint. "In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).

[2]     The Federal Rules of Civil Procedure were amended effective December 1, 2007. The amendments, however, were part of the "general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules," and all changes were intended to be stylistic, not substantive. Fed. R. Civ. P. 23.1, Adv. Comm. note. Because Rule 23.1 establishes pleading requirements and the prior version of the rule was in effect when Mr. Cadle filed his complaint and the district court issued its decision, we rely on the language of the then-effective version of the rule.

subject to dismissal for failure to satisfy Rule 23.1's requirement of contemporaneous ownership.

A pleading deficiency may be remedied by granting leave to amend, which a district court generally should allow when justice requires, unless the amendment would be futile. See Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007). During a hearing before the district court, Cadle's counsel stated that Cadle purchased his shares on October 19, 2005, well after the company's indemnification decision, so it appears that an opportunity to amend would have been futile. Cadle contends that Rule 23.1 would be satisfied, however, if the district court had applied the "continuing wrong" or "continuing harm" doctrine. Under this theory, a stockholder may fulfill the contemporaneous ownership requirement if the wrong commenced before the purchase of stock but was not "executed and final" until after the acquisition. Brambles USA, Inc. v. Blocker, 731 F. Supp. 643, 649 (D. Del. 1990). Cadle asserts that the periodic indemnification payments, which continued after he became a shareholder, constitute a continuing wrong.

This court has neither accepted nor rejected the continuing wrong theory in the context of the contemporaneous ownership rule. See Noland v. Barton, 741 F.2d 315, 318 (10th Cir. 1984) ("The trial court was correct in finding that even assuming that a 'continuing harm' exception may exist . . . it would not apply on the facts of this case."). In a diversity case, federal law applies to

procedural questions, while the substantive law of the forum state governs the court's analysis of the underlying claims. Haberman v. The Hartford Ins. Group, 443 F.3d 1257, 1264 (10th Cir. 2006). Rule 23.1 is procedural, and its requirements apply in a diversity case. Kona Enter., Inc. v. Estate of Bishop, 179 F.3d 767, 769 (9th Cir. 1999). Thus, whether Rule 23.1 is satisfied is a matter of federal law. The Supreme Court has held in analogous circumstances that the law of the state of incorporation is an appropriate source of federal common law. See Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 96, 108 (1991) (concerning satisfaction of Rule 23.1's demand requirement). Accordingly, we look to the law of Delaware for guidance.

Delaware has a contemporaneous ownership requirement that is substantially similar to Rule 23.1. See Del. Code Ann. tit. 8, § 327; Del. Ch. Ct. R. 23.1(a). Under Delaware law, in determining whether there is a continuing wrong, the key fact is when the "specific acts of alleged wrongdoing occurred, and not when their effect is felt." Schreiber v. Bryan, 396 A.2d 512, 516 (Del. Ch. 1978). Cadle argues that each payment is a specific act of alleged wrongdoing. But Delaware would classify Health Grades' initial decision to indemnify Hicks as the alleged wrongdoing and Health Grades' subsequent payments to Hicks as the effects of that decision. See Bird v. Lida, Inc., 681 A.2d 399, 406 (Del. Ch. 1996) (holding that payments under a lease would not constitute a continuing wrong, because "[a]ssuming that the individual

defendants did wrong to the Corporation by entering into the contract it does not follow that they committed any wrong in carrying out the contract once it had been made" (quotation omitted)); Kahn v. Seaboard Corp., 625 A.2d 269, 271 (Del. Ch. 1993) (holding, in the statute of limitations context, that the wrong, if there was one, occurred when "enforceable legal rights were created"); Nickson v. Filtrol Corp., 262 A.2d 267, 269 (Del. Ch. 1970); Newkirk v. W.J. Rainey, Inc., 76 A.2d 121, 123 (Del. Ch. 1950).

Because a principal purpose of the contemporaneous ownership provision is to prevent potential plaintiffs from purchasing a lawsuit, see id., Delaware courts have refused to apply the continuing wrong exception when the disputed transaction was publicly disclosed prior to the plaintiff's purchase of stock. See Bird, 681 A.2d at 406; Schreiber, 396 A.2d at 517; see also Dieter v. Prime Computer, Inc., 681 A.2d 1068, 1072 (Del. Ch. 1996). Health Grades' report of the indemnification decision in its SEC Form 10-K and Form 10-Q filings in early 2005 were public filings, putting Cadle on constructive, if not actual, notice of the decision. Further, Cadle and two companies in which he has interests were involved in the proceedings for which Hicks was indemnified. Unlike the shareholder in Bateson v. Magna Oil Corp., Cadle bears a distinct resemblance "to the outsider who finds out about intracorporate misconduct and buys stock to foment litigation." 414 F.2d 128, 131 (5th Cir. 1969).

For these reasons, it would have been futile for the district court to have granted Cadle leave to amend his complaint to comply with Rule 23.1. The district court did not err in dismissing the action.

**B**

In his opening brief, Cadle also complains that the district court dismissed his suit without giving notice to other shareholders, even though Rule 23.1 provided that "[t]he action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs." As Cadle acknowledges in footnote 1 of his reply brief, however, the Supreme Court has stated that the notice provisions of Rule 23.1 "apply only to voluntary settlements between derivative plaintiffs and defendants, and were intended to prevent plaintiffs from selling out their fellow shareholders. They do not apply where the plaintiffs' action is involuntarily dismissed by a court, as occurred in this case." Burks v. Lasker, 441 U.S. 471, 485 n.16 (1979). The district court did not err in dismissing the action without notifying the other shareholders.

**III**

**AFFIRMED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-8-