588 F.2d 400
 Fed. Sec. L. Rep. P 97,635
Ginn BIESENBACH, Joseph Levin, Henry Sharman, Lisa B. White,
Appellants,
v.
John H. GUENTHER, Jr., A. T. Consoli, Richard E. Hunter,
Fred Parquitte, Leon Prince, Heidelberg, Inc., Appellees.
 No. 78-1487.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 14, 1978.
Decided Dec. 4, 1978.
 
 Bruce K. Cohen, Meredith, Cohen & Kepler, Philadelphia, Pa., for appellants.
 Jeffrey R. Lerman, Thomas N. O'Neill, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for appellees.
 Before ROSENN, GARTH and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 ROSENN, Circuit Judge.
 
 
 1
 This appeal involves the scope of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1976) (Act), and Rule 10b-5, 17 C.F.R. § 240.10b-5 (1977), in view of the recent Supreme Court decision in Santa Fe Industries, Inc. v. Green, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977). Plaintiffs' federal claims, brought in the United States District Court for the Eastern District of Pennsylvania, were dismissed for failure to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6). As a result, plaintiffs' pendent state law claims were also dismissed. See United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
 
 
 2
 Plaintiffs, minority shareholders of Heidelberg, Inc., brought suit both derivatively and on behalf of all shareholders, against individual defendants constituting a majority of the Board of Directors of Heidelberg. The facts alleged by plaintiffs, which are accepted as true for the purpose of this appeal, center on two loans made by the defendants to Heidelberg. The first was in the amount of $500,000 and was secured by a second lien on corporate property. By use of their control of the Board of Directors, defendants arranged the terms of the loan so that they would receive interest at a rate of 10% In cash, land, or shares of Heidelberg, and 10% Of the principal would be repaid in stock of the corporation. Subsequently, the defendants, over the objections of minority shareholders, raised the interest charges to 4% Over the prime rate.
 
 
 3
 The second loan, in the amount of $226,270, called for a 15% Interest rate payable in cash, land, or shares and 15% Of the principal repayments to be in Heidelberg stock. In pursuit of their goal of gaining complete control of the corporation and eliminating opposition, defendants reduced the membership of the Board of Directors from 19 to 7. In addition, they authorized the issuance of 1,000,000 new shares after notifying shareholders of an intent to authorize 500,000. Plaintiffs allege that these activities constituted a fraud and deceit upon Heidelberg.[1]
 
 
 4
 The district court held that the complaint failed to allege the use of "any manipulative or deceptive device or contrivance in contravention" of the rule of the Securities and Exchange Commission within the meaning of the Act. Appellants do not challenge the district court's determination that the complaint contained no allegation which could be construed as a manipulation. See Santa Fe Industries, Inc. v. Green, supra, 430 U.S. at 476-77, 97 S.Ct. 1302. It is alleged, however, that the court erred in its failure to find allegation of deception.
 
 
 5
 The appellants contend that paragraph 30 of the amended complaint was sufficient to defeat a motion to dismiss:
 
 
 6
 At all times the individual defendants told shareholders that the aforesaid transactions were in the best interests of the shareholders and were designed to protect shareholders' financial interests. Said statements were false and misleading in that these transactions were not in the best interests of the shareholders nor were they designed to protect shareholders' financial interests.
 
 
 7
 The district court concluded that "the plaintiffs have alleged violations of the individual defendants' fiduciary duties as directors of the corporation. As such these allegations might well support a cause of action under the laws of Pennsylvania. However, since the Supreme Court's pronouncements in Santa Fe such allegations standing alone do not state a cause of action under Section 10b (10(b)) of the Act, or Rule 10b-5 promulgated thereunder." We agree.
 
 
 8
 Santa Fe made clear that absent deception, misrepresentation, or nondisclosure a breach of fiduciary duty does not violate the statute or Rule.430 U.S. at 476, 97 S.Ct. at 1302. Appellants believe that the misrepresentations and omissions that occurred in this case were: 1) the misleading statements by defendants that the transactions were in the best interests of the shareholders and 2) the defendants' failure to disclose the true purpose behind the activities. In effect, appellants are stating that the failure to disclose the breach of fiduciary duty is a misrepresentation sufficient to constitute a violation of the Act. We refuse to adopt this approach which would clearly circumvent the Supreme Court's holding in Santa Fe. As Judge Higginbotham has reiterated:
 
 
 9
 (I)t is bemusing, and ultimately pointless, to charge that directors perpetrated a "material omission" when they failed to (a) discover and adjudged faithless motives for their actions and (b) announce such a discovery in reporting the products of their managerial efforts and judgment. The securities laws, while their central insistence is upon disclosure, were never intended to attempt any such measures of psychoanalysis or reported self-analysis. The unclean heart of a director is not actionable, whether or not it is "disclosed," unless the impurities are translated into actionable deeds or omissions both objective and external.
 
 
 10
 Lavin v. Data Systems Analysts, Inc., 443 F.Supp. 104 (1977) quoting from Stedman v. Storer, 308 F.Supp. 881, 887 (S.D.N.Y.1969); See Golub v. PPD Corp., 516 F.2d 759 (8th Cir. 1978).
 
 
 11
 In an attempt to buttress their allegation that the district court erred in dismissing this action, appellants point to deposition testimony which in their view indicates that defendants failed to disclose that they were discouraging bids from prospective purchasers of the corporation. We need not decide whether this would constitute a violation of the Act in light of the fact that the allegation does not fall within the ambit of the amended complaint. The complaint makes no reference to the possibility of a sale of the corporation or its assets, nor were any affidavits presented to the district court setting forth these contentions. On a 12(b)(6) motion to dismiss, the district court must limit its consideration to the facts alleged in the complaint. Murray v. Amoco Oil Co., 539 F.2d 1385, 1387 (5th Cir. 1976); Grand Opera Co. v. Twentieth Century-Fox Film Corp., 235 F.2d 303, 307 (7th Cir. 1956).
 
 
 12
 The appellants allege further that the district court erred in granting the motion to dismiss without holding oral argument. This contention is without merit. There was no oral argument because neither party requested it. Local Rule 36 of The Eastern District of Pennsylvania provides:
 
 
 13
 Oral argument shall be dispensed with unless specifically required by an interested party. In any case, the Court may decline to hear oral argument and may dispose of (motions) without further hearing or argument.
 
 
 14
 Failure to request argument constitutes waiver of the right to complain that it was not held.
 
 
 15
 Finally, appellants argue that the district court abused its discretion in dismissing the complaint without permitting the opportunity to amend. This was not error. Appellants could have sought leave to amend if they had so moved, 3 Moore's Federal Practice P 15.07(2) at 855, but instead they chose to bring this appeal. Appellants have further requested that if we affirm, that we allow the district court to entertain an application to amend the complaint. However, appellants have amended the complaint once and decided to appeal rather than attempt further amendment. In view of plaintiffs' suit in the state court, the remedy for the wrongs alleged in this case is in that forum.
 
 
 16
 The judgment of the district court will be affirmed. Costs taxed against the appellants.
 
 
 
 [1]
 Plaintiffs do not appeal the district court determination that they lack standing to assert a claim on their own behalf because they neither bought nor sold any securities in connection with the alleged fraudulent transactions. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975)