**Alfred R. RECCHION, an individual, and derivatively on behalf of Westinghouse Electric Corporation, Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, a Pennsylvania corporation; Westinghouse Power Systems Company; Westinghouse International Power Company, Inc., a corporation; Robert E. Kirby; Gordon C. Hurlburt; W.L. Hayward; H.R. Kristy; L.J. Kirchner; L. Facchini; Price Waterhouse & Co.; Karl R. Bendetsen; H.O. Berches; D.C. Burnham; Louis K. Eilers; R. Burt Gookin; Donald F. Hornig; John F. McGillicuddy; Roger Milliken; Richard P. Pivirotto; Hobart Taylor; Marina N. Whitman; George L. Wilcox; Douglas D. Danforth; David T. McLaughlin; O. Pendelton Thomas; Barbara Franklin; and Hays T. Watkins, Defendants.**

Civ. A. No. 83–856.

United States District Court,
W.D. Pennsylvania.

Jan. 25, 1985.

John M. Tighe and John T. Tierney, III, Tarasi & Tighe, P.C., Pittsburgh, Pa., for plaintiff Alfred R. Recchion.

Richard H. Martin, Baskin and Steingut, Pittsburgh, Pa., and Patrick F. McCartan and Peter Carfagna, Cleveland, Ohio, and Michael J. Manzo, Berkman, Ruslander, Pohl, Lieber & Engel, Pittsburgh, Pa., for defendants Westinghouse Elec. Corp.; Westinghouse Power Systems Co.; Westinghouse Intern. Power Co., Inc.; Robert E. Kirby; Gordon C. Hurlburt; W.L. Hayward; H.R. Kristy; L.J. Kirchner; L. Facchini; Karl R. Bendetsen; H.O. Berches; D.C. Burnham; Louis K. Eilers; R. Burt Gookin; Donald F. Hornig; John F. McGillicuddy; Roger Milliken; Richard P. Pivirotto; Hobart Taylor; Marina N. Whitman; George L. Wilcox; Douglas D. Danforth; David T. McLaughlin; O. Pendelton Thomas; Barbara Franklin; and Hays T. Watkins.

R. Dell Ziegler and James D. Morton, Pittsburgh, Pa., and V. Thomas Fryman, Jr., New York City, for defendant Price Waterhouse & Co.

## MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiff, Alfred R. Recchion, filed a five-count complaint, individually and deriva-

tively, on behalf of Westinghouse Electric Corporation (hereinafter referred to as "Westinghouse") against Westinghouse; its subsidiaries Westinghouse Power Systems Company (hereinafter referred to as "WPS") and Westinghouse International Power Systems Company, Inc. (hereinafter referred to as "WIPS"); various of its past and present directors, officers and employees; and Price Waterhouse & Co. (hereinafter referred to as "Price Waterhouse"), a public accounting firm retained by Westinghouse during the complained of period.

Counts I through III are brought against Westinghouse, WPS, WIPS, Price Waterhouse, and five individual defendants. Count I alleges a violation of § 10(b) of the Securities Exchange Act of 1934 (hereinafter referred to as "the Act"), 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.-10b–5, promulgated thereunder, which prohibits the use of fraudulent or deceptive practices in connection with the purchase or sale of a security. Count II alleges a violation of § 14(a) of the Act, 15 U.S.C. § 78n(a), and Rule 14a–9 promulgated thereunder, 17 C.F.R. § 240.14a–9, which prohibits the solicitation of false and misleading proxies and proxy material. Count III alleges a cause of action based upon breach of the defendants' fiduciary duty and common law fraud. Count IV is brought against the five individual defendants and alleges a violation of § 10(b) of the Act and Rule 10b–5 which also prohibits corporate insiders from trading on material inside information not known to the investing public and common law fraud. Count V is a derivative count brought on behalf of Westinghouse against all of the individual defendants. The Court has jurisdiction under 15 U.S.C. § 78aa, 28 U.S.C. §§ 1331 and 1337, diversity of citizenship, and pendent jurisdiction.

Although brought as a class action on behalf of all similarly situated Westinghouse shareholders for the period of August 1977 through May 13, 1980, the Court has not so certified it.

Presently before the Court are the following motions: (1) all corporate defendants and individual defendants named in Counts I through IV of the complaint (except Price Waterhouse) motion to dismiss Counts I through IV or, in the alternative, for a more definite statement; (2) Price Waterhouse's motion to join in the other defendants' motion to dismiss based upon plaintiff's lack of standing; (3) Price Waterhouse's motion to dismiss the complaint; (4) Westinghouse's motion to dismiss Count V; (5) the individual defendants' motion to join in Westinghouse's motion to dismiss Count V; (6) petition of defendants named in Counts I through IV (except Price Waterhouse) and the individual defendants named in Count V for an order requiring plaintiff to post security and costs; and (7) petition of Westinghouse to require plaintiff to post security for reasonable expenses and attorney's fees.

Before addressing the merits of defendants' motions, the Court deems it appropriate to review the law governing a court's review of a motion to dismiss. When confronted with a motion to dismiss, the Court must construe all of the allegations of the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). On a Fed.R.Civ.P. 12(b)(6) motion to dismiss, such as that presented in this case, the Court must limit its consideration of the facts to those alleged in the complaint.[1] *Biesenbach v. Guenther*, 588 F.2d 400, 402 (3d Cir.1978). According to the United States Supreme Court, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted). This stringent standard guides the Court in its review of defendants' motions.

1. The Court is aware that the parties have submitted matters outside the pleading. Since they have been excluded by the Court, the motion is treated as one brought under Rule 12(b)(6). *See* Fed.R.Civ.P. 12(b).

*I. Motion to Dismiss Counts I through IV or, in the Alternative, for a More Definite Statement*

All of the defendants have moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Counts I through IV on the grounds that: (1) plaintiff does not have standing; and (2) plaintiff fails to plead fraud with particularity as required by Fed.R.Civ.P. 9(b). In the alternative, defendants request that, pursuant to Fed.R.Civ.P. 12(e), plaintiff be required to amend his complaint to contain a more definite statement of his allegations.

*A. Standing*

■ Defendants argue that plaintiff does not have standing to state a claim under § 10(b) [2] and Rule 10b–5,[3] since the alleged fraudulent misrepresentations and activities were not made "in connection with the purchase or sale of any security." In *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), the Supreme Court held that only plaintiffs who are actual purchasers and sellers of securities have standing to maintain actions for violations of § 10(b) and Rule 10b–5. Since plaintiff avers in paragraph 1 of his complaint that he sold shares of Westinghouse stock during the period of the alleged fraudulent activities, defendants' motion to dismiss Counts I and IV based upon plaintiff's lack of standing is denied.

All of the defendants state that Count II must be dismissed because plaintiff was not a Westinghouse shareholder and, therefore, does not have standing to sue under § 14(a) [4] and Rule 14a–9 [5] for violations of the proxy rules. Since plaintiff avers that he is now and during the entire relevant period a Westinghouse shareholder, defendants' motion to dismiss Count II based upon plaintiff's lack of standing is denied. (Complaint ¶ 1, docket entry No. 1).

■ As a further ground to support dismissal of Count II, defendants state that plaintiff has failed to state a claim upon which relief can be granted,[6] since he does

---

**2.** Section 10(b) provides as follows:
It shall be unlawful for any person....

    \*    \*    \*    \*    \*    \*

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

**3.** Rule 10b–5 provides as follows:
It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
(a) To employ any device, scheme, or artifice,
(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

**4.** Section 14(a) provides as follows:

It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect to any security (other than an exempted security) registered pursuant to section 781 of this title.

**5.** Rule 14a–9 provides as follows:
No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

**6.** Although defendants' contention is framed in terms of failure to state a claim under Rule

not aver that he granted a proxy in reliance upon the allegedly false and misleading proxy material. The Supreme Court has recognized an implied cause of action under § 14(a) and Rule 14a–9 promulgated thereunder in favor of shareholders who have been injured as a result of false and misleading proxy solicitations. *J.I. Case Co. v. Borak,* 377 U.S. 426, 430–431, 84 S.Ct. 1555, 1558–1559, 12 L.Ed.2d 423 (1964).

The gravamen of Count II is that defendants "at various times during the class period" distributed proxy solicitations which did not reveal the extensive mismanagement and fraudulent activity alleged in Count I. However, plaintiff does not assert that he granted a proxy in reliance on the contested solicitations. Accordingly, plaintiff does not have standing to assert a direct action for violations of § 14(a) and Count II is, therefore, dismissed. *See Gaines v. Haughton,* 645 F.2d 761, 772–774 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982).

### B. Specificity and Rule 9(b)

Defendants move to dismiss Counts I through IV of the complaint[7] on the ground that it fails to meet the requirement in Fed.R.Civ.P. 9(b) that allegations of fraud be plead with particularity. Defendants maintain that plaintiff's averments are conclusory and lack the factual specificity necessary in order for them to formulate a meaningful response. As an alternative to dismissal, defendants seek a more definite statement under Fed.R.Civ.P. 12(e).

Since Rule 9(b) is applicable to a complaint which alleges securities fraud, the Court deems it appropriate to articulate how a court should review the rule's pleading requirement. *See Zerman v. Ball,* 735 F.2d 15, 22 (2nd Cir.1984); *Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111, 114 (2nd Cir.1982); *Cramer v. General Tel. and Electronics Corp.,* 582 F.2d 259, 272–273

(3d Cir.1978), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979). In *Christidis v. First Pennsylvania Mortg. Trust,* 717 F.2d 96 (3d Cir.1983), the Third Circuit noted that in reviewing actions alleging fraud to determine whether the circumstances constituting the fraud comply with Rule 9(b):

> [C]ourts must be sensitive to the fact that [Rule 9(b)'s] application, prior to discovery, may permit sophisticated defrauders to successfully conceal the details of their fraud. Moreover, in applying the rule, focusing exclusively on its "particularity" language "is too narrow in approach and fails to take account of the general simplicity and flexibility contemplated by the rules."

717 F.2d at 99–100 (*quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1298, at 407 (1969)).

The defendants, relying on certain leading cases decided in the Second Circuit, urge that the Court strictly construe the particularity requirement of Rule 9(b). *See Decker, supra,* at 114–115. According to the Second Circuit, Rule 9(b) is a special pleading rule which aides in fettering out strike suits brought solely for their settlement value, prior to discovery. *Id.* at 114 (*citing Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 740–741, 95 S.Ct. 1917, 1927–1928, 44 L.Ed.2d 539 (1975)). However, as previously noted, while the Third Circuit similarly requires that fraud actions brought under federal and state statutes state with particularity the circumstances constituting the fraud, this Circuit appears to temper the quantum of specificity demanded by the Second Circuit. *Christidis v. First Pennsylvania Mortg. Trust, supra,* at 99–100; *Cramer v. General Tel. and Electronics Corp., supra,* at 272. This standard guides the Court in its review of plaintiff's complaint.

---

12(b)(6), it is more properly considered as lack of standing. *See Gaines v. Haughton,* 645 F.2d 761, 774 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982).

**7.** In light of the Court's dismissal of Count II, the Court's analysis is necessarily confined to the remaining counts.

■ Count I, which is brought under § 10(b) and Rule 10b–5, alleges that the defendants, either as participants or aiders and abettors, overestimated or underestimated production costs for nuclear and fossil facilities of Westinghouse located in the United States and throughout the world. These defendants took unreported profits from completed construction accounts and allocated them to secret reserve accounts called "bags." The defendants later used the secret reserve accounts to alter financial results in order for the individual defendants to receive financial performance bonuses. (Complaint ¶ 44–¶ 47, docket entry No. 1). These actions are alleged to have resulted in the misrepresentations of Westinghouse's financial condition to the detriment of the investing public. Plaintiff further alleges that Price Waterhouse knew or should have known that certified financial statements prepared by them were inaccurate.

Count III essentially alleges the facts contained in Count I and asserts a cause of action for common law fraud and breach of fiduciary duty.

Count IV is brought against the five individual defendants for trading Westinghouse stock, without disclosing, on the basis of material inside information. Count IV alleges a cause of action based upon § 10(b)(5), common law fraud, and breach of fiduciary duty.

■ To state a claim under § 10(b), plaintiff must allege more than corporate mismanagement. He must allege facts indicating an intent to deceive, manipulate, or defraud. *Santa Fe Industries, Inc. v. Green,* 430 U.S. 462, 479, 97 S.Ct. 1292, 1304, 51 L.Ed.2d 480 (1977); *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 191 n. 7, 96 S.Ct. 1375, 1380 n. 7, 47 L.Ed.2d 668 (1976). Rule 9(b) requires that such fraud be stated with particularity.

A reading of plaintiff's complaint compels the conclusion that it does not comply with the heightened pleading requirement of Rule 9(b). Plaintiff gives no factual specifics to support his claim that Westinghouse failed to report the true worth of its nuclear and fossil facilities, nor which of those facilities were underestimated or overestimated, beyond stating that they are located in the United States and throughout the world. Thus, plaintiff fails to state the place of the alleged fraud as required by Rule 9(b). *See Dusesoi v. United Refining Co.,* 540 F.Supp. 1260, 1272 (W.D. Pa.1982). Plaintiff has a duty to identify the allegedly false and misleading statements or documents on which he relied. By merely alleging that he relied upon Westinghouse's financial statements, plaintiff has not clearly or specifically identified which documents that term encompasses. *See Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111 (2nd Cir.1982). Furthermore, the complaint does not set forth from which sources plaintiff derived his information and belief that Westinghouse's financial statements contained overstatements and understatements, nor the extent to which Westinghouse misstated its financial worth.

■ Furthermore, although the plaintiff, in Count IV, alleges that defendants traded Westinghouse stock on inside information, he does not cite one specific instance of such trading.

Since plaintiff only asserts in a conclusory and general fashion without providing the defendants with fair notice of the grounds on which they rest, plaintiff cannot use discovery as a means of uncovering his claims. *See Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). Accordingly, defendants' motion to dismiss Counts I, III, and IV for failure to plead fraud with particularity as required by Rule 9(b) is granted. Plaintiff is hereby given leave to amend Counts I, III, and IV of the complaint to comply with Rule 9(b) within twenty days of this Memorandum Opinion. Moore's Federal Practice ¶ 9.03 (2nd ed. 1984).

■ Plaintiff alleges that Price Waterhouse failed to accurately disclose the alleged temporary diversions and relocation of excess monies and fraudulently certified

**896**

false financial reports. Again, plaintiff does not identify the financial statements and reports which he claims misled him, apart from referring to all financial statements prepared by Price Waterhouse from August, 1977 until the filing of the complaint. Simply denominating unspecified financial statements and reports as false and misleading fails to state the circumstances constituting fraud. Furthermore, the complaint does not detail the extent of the accounting firm's knowledge of the true financial situation of Westinghouse, or the efforts they expended, if any, in which they were remiss in investigating Westinghouse's financial condition.[8] *See Christidis v. First Pennsylvania Mortgage Trust, supra,* at 100.

Accordingly, Price Waterhouse's motion to dismiss Counts I and III for failure to plead fraud with particularity as required by Rule 9(b) is granted. Plaintiff is hereby given leave to amend Counts I, III, and IV of the complaint to comply with Rule 9(b) within twenty days of this Memorandum Opinion. Moore's, *supra,* at ¶ 9.03.

### II. Motion to Dismiss Count V

Westinghouse has filed a motion to dismiss Count V of the complaint on the ground that it fails to comply with Rule 23.1 of the Federal Rules of Civil Procedure because: (1) plaintiff has failed to make a demand on Westinghouse's Board of Directors; (2) plaintiff was not a shareholder of Westinghouse at the time of the alleged wrongful conduct and at the time of the filing of this complaint; (3) plaintiff failed to verify the complaint; and (4) plaintiff does not fairly and adequately represent the interests of the Westinghouse shareholders and Westinghouse.

■ Defendant Westinghouse filed this motion to which the individual defendants named in Count V have filed a motion to join. (Docket entry No. 25). Since defend-

ants other than the corporation on whose behalf the derivative claim is asserted have standing to raise the defense of failure to comply with the requirements of Fed.R. Civ.P. 23.1, defendants' motion to join in Westinghouse's motion is granted. *Shlensky v. Dorsey,* 574 F.2d 131, 142 (3d Cir. 1978).

■ Because the Court concludes that plaintiff has failed to satisfy the demand requirement of Rule 23.1, the Court grants defendants' motion to dismiss Count V of the complaint. It is unnecessary to consider the remaining bases posited by the defendants in support of its motion.

Rule 23.1 states in pertinent part that a shareholder's derivative complaint shall "allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority ... and the reasons for his failure to obtain the action or for not making the effort."

■ Plaintiff avers in his complaint that demand would be futile since the directors acquiesced in the complained of conduct and the directors themselves are named defendants.[9] (Complaint ¶ 91, docket entry No. 1). These allegations without more are insufficient to excuse plaintiff from compliance with Fed.R.Civ.P. 23.1.

■ The demand requirement of Rule 23.1 assures that those who are most familiar and responsible for corporate management determine whether and how to pursue a corporate claim. *Cramer v. General Tel. and Electronics Corp.,* 582 F.2d 259, 275 (3d Cir.1978), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979).

In determining whether the allegations of plaintiff's complaint are sufficient to excuse demand, the Third Circuit has stated that the inquiry is "intensely factual" and focused upon the disinterestedness of

---

8. The Court does not imply that allegations of intent must be pled with particularity. *See Cramer v. General Tel. and Electronics Corp.,* 582 F.2d 259, 272–273.

9. The futility of demand must be considered on the basis of existing facts at the time the derivative suit is commenced. *Vanderbilt v. Geo-Energy Ltd.,* 725 F.2d 204, 210–211 (3d Cir.1983) (citation omitted).

the directors, rather than the nature of their wrongdoing. *Lewis v. Curtis*, 671 F.2d 779, 786 (3d Cir.), *cert. denied*, 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982). In *Lewis*, plaintiff brought a derivative action against the corporation and its board of directors asserting that the directors had participated in an allegedly self-interested transaction and engaged in corporate waste. In that situation, the Third Circuit held that where plaintiff's complaint set forth in detail facts that would establish bias, demand would be futile and, therefore, should be excused. *Id.* at 786–787.

Plaintiff's complaint avers that the directors "by their failure to detect the concealment of the true state of affairs at Westinghouse and to make public disclosure ... aided and abetted [the officers] in their illegal acts." (Complaint ¶ 89, docket entry No. 1). In particular, the complaint alleges that these officers[10] manipulated the gross profits of Westinghouse and presented a false picture of Westinghouse's earnings in order to realize greater profits and monies for themselves. (*See* Count I of plaintiff's complaint). Furthermore, plaintiff's complaint alleges that these officers traded Westinghouse stock on inside confidential information in violation of Rule 10b–5 and in breach of their fiduciary duty. (*See* Count IV of plaintiff's complaint).

**10.** They are Kristy, Controller of WPS (complaint ¶ 8); Hurlburt, President and Chief Executive Officer of WPS (complaint ¶ 6); Hayward, General Manager of WPS (complaint ¶ 7); Kirchner, Division Controller of Powers System Project Division of WPS (complaint ¶ 9); and Facchini, Division Controller of Power System Project Division of WPS (complaint ¶ 10).

**11.** The statute provides in pertinent part:
  B. In any such suit instituted or maintained by a holder or holders of less than 5 per centum of the outstanding shares of any class of such corporation ... or holders have a fair market value in excess of fifty thousand dollars ($50,000), the corporation in whose rights such action is brought shall be entitled at any stage of the proceedings, to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorneys' fees,

Notably, the complaint does not allege that the directors themselves realized any monies from these alleged fraudulent activities or were engaged in any kind of self-dealing. Merely alleging that the directors acquiesced in the challenged transactions does not excuse plaintiff from compliance with Rule 23.1. *Weiss v. Temporary Inv. Fund, Inc.*, 516 F.Supp. 665, 672 (D.C.Del.1981), *aff'd*, 692 F.2d 928 (3d Cir. 1982), *vacated on other grounds*, — U.S. —, 104 S.Ct. 989, 79 L.Ed.2d 224 (1984), *on remand*, 730 F.2d 939 (3d Cir.1984). Accordingly, defendants' motion to dismiss Count V is granted.

### III. Petition for Order Requiring Plaintiff to Post Security for Costs

Defendants named in Counts I through IV petition the Court pursuant to Rule 9(a) of the Local Rules of the United States District Court for the Western District of Pennsylvania for an order requiring plaintiff to post security for costs. Since the Court has dismissed all Counts of the complaint, defendants' motion is moot.

### IV. Petition to Require Plaintiff to Post Security for Reasonable Expenses and Attorneys' Fees

Defendant Westinghouse moves, pursuant to 15 P.S. § 1516 (1967),[11] for an order requiring plaintiff to post security for expenses, including attorneys' fees, which may be incurred by the corporation as a

which may be incurred by it in connection with such suit, ... to which security the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action. The amount of such security may, from time to time, be increased or decreased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate or excessive: Provided, however, That security may be denied or limited in the discretion of the court upon preliminary showing to the court, by petition, and affidavits and depositions as may be required by the court, establishing prima facie that the requirement of security or full security would impose undue hardship on plaintiffs and serious injustice would result.

condition precedent to maintaining or re-covering in a derivative suit. Since the Court has dismissed Count V, plaintiff's derivative claim, defendant's motion is moot. *See supra,* Part I.

An appropriate Order will be issued.