**Alfred R. RECCHION, an individual, and derivatively on Behalf of WESTINGHOUSE ELECTRIC CORPORATION, Plaintiff,**

v.

**Robert E. KIRBY, et al., Defendants.**

**Civ. A. No. 85–1324.**

United States District Court,
W.D. Pennsylvania.

Nov. 5, 1985.

John M. Tighe and John T. Tierney, III, Pittsburgh, Pa., for plaintiff.

Edwin L. Klett and Larry K. Elliot, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiff, Alfred R. Recchion, brings this derivative action on behalf of Westinghouse Electric Corporation (Westinghouse) against past and present officers and directors of Westinghouse. The complaint alleges a cause of action against the individual defendants for breach of their fiduciary duties. This action was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania, and removed to the United States District Court for the Western District of Pennsylvania on the basis that plaintiff's complaint states a claim un-

der the Securities and Exchange Act of 1934 (the Act), 15 U.S.C. § 78a.[1] Presently before the Court is the individual defendants who have been served and Westinghouse's (defendants) motion to dismiss for failure to state a claim. Defendants raise several alternative grounds in support of their motion, each of which the Court will discuss. For the reasons that follow, defendants' motion is granted without prejudice.

On a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), such as presented in this case, the Court must limit its consideration of the facts to those alleged in the complaint. *Biesenbach v. Guenther*, 588 F.2d 400, 402 (3d Cir.1978). In reviewing a motion to dismiss, the Court must construe all of the allegations of the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## I. Res Judicata/Collateral Estoppel

Defendants maintain that plaintiff's action is barred by the doctrines of *res judicata* and collateral estoppel.

The doctrine of *res judicata* serves the purpose of judicial finality. If there is a final, valid judgment rendered on the merits, the doctrine precludes relitigation of the same cause of action between the same parties or their privies. The judgment is a conclusive determination "as to the claim or demand in controversy ... not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been

offered for that purpose." *Donegal Steel Foundry Co. v. Accurate Products Co.*, 516 F.2d 583, 587 (3d Cir.1975) (citations omitted). The doctrine of collateral estoppel acts to bar relitigation of the same question in a subsequent proceeding. The conclusive effect of a prior adjudication constitutes an estoppel only with respect to issues actually litigated and necessary to support the initial judgment. Litigation of any matter that was "collaterally in question," "incidentally cognizable," or "to be inferred by argument from the judgment" is not restricted in a subsequent suit. Without identity of issues, the party asserting the defense of collateral estoppel cannot prevail. *Id.* at 588.

Although the Court's jurisdiction is based on diversity of citizenship, the *res judicata* effect to be given to a judgment of a federal court is a matter of federal law. *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896 n. 1 (2nd Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983).

By memorandum opinion and order dated January 25, 1985, this Court dismissed plaintiff's derivative claim in 606 F.Supp. 889, due to plaintiff's failure to comply with the demand requirement of Fed.R.Civ.P. 23.1.[2] In that case, plaintiff had not made a demand on the board of directors, but instead averred that demand would have been futile since the directors acquiesced in the complained of conduct and the directors themselves were named defendants. The Court held that plaintiff's

---

**1.** As noted, defendants maintain that plaintiff's complaint states claims for violations under the Act. However, plaintiff could not bring an action in state court alleging federal securities violations, since the federal courts have exclusive jurisdiction over such actions. 15 U.S.C. § 78aa; *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690 (3d Cir.1979), *cert. denied*, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). Plaintiff maintains that he did not object to the removal petition since jurisdiction is properly based on diversity of citizenship, since none of the individual defendants are residents of New Jersey, which is plaintiff's residence. Defendants' confusion is understandable since plaintiff's complaint mentions the Act and tracks the language of Rule 10b–5. However, plaintiff in

his brief states that he is only asserting state claims.

**2.** That rule provides in pertinent part as follows: "In a derivative action brought by one or more shareholders or members to enforce a right of a corporation ..., the corporation ... having failed to enforce a right which may properly be asserted by it,.... The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort."

complaint did not set forth sufficient facts to excuse demand and, accordingly, granted defendants' motion to dismiss plaintiff's derivative claim. Moreover, the Court denied plaintiff's motion to amend his complaint to include a derivative claim based upon a post-litigation demand on directors. The Court's ruling was based on the fact that Fed.R.Civ.P. 23.1 specifically requires the plaintiff to show that demand was made or was properly excused. The rule does not provide for remedying an omission in the same suit, especially after the defendants have moved to dismiss because of the absence of a demand. *Galef v. Alexander*, 615 F.2d 51, 59 (2nd Cir.1980) ("Rule 23.1 is essentially a requirement that a shareholder exhaust his intracorporate remedies before bringing a derivative action."); *Shlensky v. Dorsey*, 574 F.2d 131, 141 (3d Cir.1978) ("The contemplated showing of demand made upon the directors after the filing of the shareholders' derivative complaints could not have satisfied the demand requirement of the rule.").

Subsequently, Recchion entered into a stipulation stating that the 18 defendants named in the derivative count did not have to file answers in view of the Court's dismissal of the derivative action.

Defendants maintain that the prior proceedings between the parties was a prior adjudication on the merits of Recchion's derivative claim against all the defendants and, accordingly, *res judicata* bars the instant suit.

> Fed.R.Civ.P. 41(b) provides as follows: For failure of the plaintiff to prosecute or to comply with *these rules* or any order of court, a defendant may move for dismissal of an action or of *any claim* against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and *any dismissal not provided for in this rule*, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an *adjudication upon the merits.*

(Emphasis added).

In *Elfenbein v. Gulf & Western Industries, Inc.*, 590 F.2d 445, 449 (2nd Cir.1978) (per curiam), the Second Circuit suggested that the district courts use the terms "with prejudice" or "without prejudice" only when making a determination as to the *res judicata* effect of a dismissal. However, the Third Circuit has taken the position that a district court's dismissal "without prejudice" amounts to an implicit invitation to the plaintiff to amend the complaint. *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir.1976) (per curiam). However, as previously noted, as a matter of law, plaintiff could not amend the previous complaint to comply with Fed.R.Civ.P. 23.-1's demand on directors requirement. Further, the Second Circuit was critical of a district court's dismissal of an amended complaint for failure to comply with Rule 23.1 "with prejudice," which order went on to state that "[s]uch dismissal shall of course have no *res judicata* effect as far as the merits of the case are concerned. Rather it affects only the issue of demand or excuse thereof under Rule 23.1." *Elfenbein*, 590 F.2d at 449 n. 3 (citation omitted).

While the Second Circuit did not specifically address the issue of whether failure to comply with the demand on directors requirement of Rule 23.1 operates as a decision on the merits, the Court intimated that it does not, at least where a complaint is dismissed without prejudice. "We assume that the district court did not intend for its decision to operate as a bar to a subsequent suit. Therefore, there was good reason, keeping in mind Rule 41(b), to specifically indicate that no adjudication upon the merits had occurred." *Id.* at 449.

Further, the First Circuit in *In re Kauffman Mutual Fund Actions*, 479 F.2d 257, 267 (1st Cir.) *cert. denied*, 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 (1973), affirmed the district court's dismissal of plaintiff's derivative action for failure to allege with particularity the reasons for not making a demand on directors. In affirming, the Court commented as follows:

> In affirming we must, however, comment upon one phrase in the order of the district court granting the motion to dis-

miss, that it is "without prejudice." This must mean without prejudice as to the substantive cause of action. The dismissal is with prejudice on the issue of the obligation to make a demand on the directors with respect to that substantive complaint. The principal applies that "[a]lthough, where a judgment for the defendant is not on the merits, the plaintiff is not precluded from maintaining a new action on the same cause of action, he is precluded from relitigating the very question which was litigated in the prior action."

*Id.* at 267 (citations omitted).

In *Saylor v. Lindsley,* 391 F.2d 965 (2nd Cir.1968), the Second Circuit held that where the first suit was dismissed "with prejudice" for failure of the plaintiff to post bond guaranteeing defendant's litigation expenses, plaintiff had merely failed to satisfy a requirement necessary to commence the action. Since defendant had not been required to defend on the merits of the action, *res judicata* did not apply and a new plaintiff was not barred from bringing a second suit. The Second Circuit further noted that "[t]he policy behind Rule 41(b) ... is to bar subsequent actions only in 'situations in which the defendant may incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them.'" *Id.* at 969. *See generally* Note, *Res Judicata in the Derivative Action: Adequacy of Representation and the Inadequate Plaintiff,* 71 Mich.L.R. 1042, 1045–46 n. 23 (1973).

■ Accordingly, the Court finds that *res judicata* and collateral estoppel do not bar plaintiff's instant suit.

## II. Standing

■ Defendants maintain that plaintiff lacks standing to bring a derivative action since plaintiff cannot comply with the Rule 23.1 requirement of stock ownership during the time of the transaction in question.[3] Rule 23.1 provides in pertinent part:

> In a derivative action brought by one or more shareholders ... to enforce a right of the corporation ... the complaint shall allege (1) that the plaintiff was a shareholder ... at the time of the transaction of which he complains or that his share ... thereafter devolved on him by operation of law.

■ In paragraph 1 of his verified complaint, plaintiff alleges that he "now is and was during the relevant time period a shareholder of Westinghouse Electric Corporation (WEC) at the times of the transactions complained of in the complaint and

---

**3.** Standing to assert a derivative claim based on federal law is a question of federal law. *In re Pittsburgh and Lake Erie Railroad Co.,* 543 F.2d 1058, 1067–68 (3d Cir.1976). However, in a derivative suit brought in federal court based on diversity jurisdiction, state law governs the question of who is a shareholder. *Gallup v. Caldwell,* 120 F.2d 90, 93 (3d Cir.1941). Whether standing to maintain a derivative suit premised on diversity jurisdiction is a question of state or federal law has not been decided by this Circuit. *See In re Pittsburgh and Lake Erie Railroad Co., supra.* Cf. *Zahn v. Transamerica Corp.,* 162 F.2d 36, 48 (3d Cir.1947). However, Rule 1506 of the Pennsylvania Rules of Civil Procedure provides as follows: "In an action to enforce the secondary right brought by one or more stockholders or members of a corporation or similar entity because the corporation or entity refuses or fails to enforce rights which could be asserted by it, the complaint shall set forth (1) that each plaintiff was a stockholder or owner of an interest in the corporation or other entity at the time of the transaction of which he complains or that his stock or interest devolved upon him by operation of law from a person who was a stockholder or owner at that time."

The Pennsylvania Rule differs from the federal rule only in that it has not been interpreted to require that the plaintiff must remain a shareholder throughout the pendency of the litigation. *Fitzpatrick v. Shay,* 314 Pa.Super. 450, 461 A.2d 243 (1983). The federal courts have inferred this ownership requirement from the statement in Fed.R.Civ.P. 23.1 that a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders ... similarly situated in enforcing the right of the corporation." *Lewis v. Chiles,* 719 F.2d 1044, 1047 n. 1 (9th Cir.1983). However, in all other respects regarding ownership requirements, the federal and Pennsylvania rules are the same. *Weston v. Reading Co.,* 445 Pa. 182, 192–98, 282 A.2d 714, 718–22 (1971).

sold shares of WEC during the relevant time period." (Docket entry No. 1).[4]

Accordingly, defendants' motion to dismiss for lack of standing is denied.

### III. Failure to Make a Proper Demand on the Board of Directors of Westinghouse

■ Defendants maintain that plaintiff failed to make a proper demand on the board of directors. Rule 23.1 requires that "[t]he complaint shall allege *with particularity* the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority, ... and the reasons for his failure to obtain the action...." (Emphasis provided). The complaint in this case merely alleges that "demand of the Board of Directors of WEC to bring this action was made by letters addressed to each individual director named herein by mail on March 6 through March 8, 1985, some or all of whom are present directors of defendant, WEC. However, to plaintiff's information and belief, the Board of Directors has taken no action to halt the manipulation of profits and losses or the dissemination of false and misleading statements contained in the aforesaid financial statements of defendant, WEC." The complaint does not state what was the content of the letter and whether demand was made on all the present directors of Westinghouse and the reasons for plaintiff's failure to obtain the desired action. Therefore, the Court cannot determine whether the demand made was adequate.

■ Pennsylvania Rule of Civil Procedure 1506(2) similarly requires that the complaining stockholder first give the corporation an opportunity to bring the action. However, the Pennsylvania rule does not require plaintiff's complaint to state with particularity the content of the demand. *See* 2 *Standard Pennsylvania Practice Second*, § 1506:6 (1981). Fed.R.Civ.P. 23.1 applies not only to actions originally brought in federal court, but also to actions removed from a state court. 7A Wright & Miller, Federal Practice & Procedure § 1824 at 311 (1972). In a removal situation, where plaintiff fails to comply with Fed.R.Civ.P. 23.1, plaintiff should be accorded an opportunity to bring his pleading into conformity with the rule. *Id.* at 312.

Accordingly, defendants' motion to dismiss based on plaintiff's failure to set forth that an adequate demand was made is granted without prejudice, with leave to replead in conformity with Fed.R.Civ.P. 23.-1.

### IV. Adequate Representation

Defendants maintain that plaintiff's stockholder-interest in Westinghouse is *de minimus* and that plaintiff has interests in other pending actions and, therefore, does not fairly and adequately represent the interests of the shareholders. Fed.R.Civ.P. 23.1.

■ When adequacy of representation is required under federal law, federal law controls in a derivative suit based on diversity jurisdiction. *Overberger v. BT Financial Corp.*, 106 F.R.D. 438, 443 (W.D.Pa. 1985); *Kuzmickey v. Dunmore Corp.*, 420 F.Supp. 226, 230 n. 9 (E.D.Pa.1976).

In determining whether plaintiff will be an adequate representative, the Third Circuit has emphasized two factors: (1) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (2) the plaintiff must not have interest antagonistic to those of the class. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).[5]

In *Vanderbilt v. Geo-Energy Ltd.*, 725 F.2d 204, 207 (3d Cir.1983), the Third Cir-

---

**4.** The Court is aware that the defendants have submitted matters outside the pleadings. Since they have been excluded by the Court, the motion is treated as one brought under Rule 12(b)(6). *See* Fed.R.Civ.P. 12(b).

**5.** Although *Wetzel* dealt with class representation under Fed.R.Civ.P. 23(a)(4), in *Lewis v. Curtis*, 671 F.2d 779, 788 (3d Cir.), *cert. denied*, 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982), the Court held that the factors were applicable in analyzing the requirements of Fed.R.Civ.P. 23.1.

cuit noted the following factors as important in determining whether plaintiff has interests antagonistic to those of the corporation:

> [E]conomic antagonisms between representative and class; the remedy sought by plaintiff in the derivative action; indications that the named plaintiff was not the driving force behind the litigation; plaintiff's unfamiliarity with the litigation; other litigation pending between plaintiff and defendants; the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself; plaintiff's vindictiveness toward the defendant; and finally, the degree of support plaintiff was receiving from the shareholders he purported to represent.

*Id.* at 207 (*citing Davis v. Comed, Inc.*, 619 F.2d 588, 593–94 (6th Cir.1980)).

■ Defendants claim that plaintiff's interests in the derivative action is *de minimus* as compared to his interest in the other pending litigation against Westinghouse; and, therefore, this suit can only be viewed as an attempt to gain leverage in Recchion's personal dispute with Westinghouse. In *Lewis v. Curtis*, 671 F.2d 779, 788 (3d Cir.), *cert. denied*, 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982), the Third Circuit stated that the burden is on the defendant to demonstrate that plaintiff will be an inadequate representative. Further, the fact that plaintiff's investment is comparatively small is irrelevant. Where a derivative plaintiff's financial security interest is minimal, the defendant's protection from an alleged "strike suit" is to request the Court to order the plaintiff to post security for costs or expenses. *Id.*[6]

The Court upon proper motion will determine whether plaintiff is an adequate representative in accordance with the factors set forth by the Third Circuit in *Wetzel* and *Vanderbilt* at a hearing if plaintiff amends the complaint.

### V. *Statute of Limitations*

Defendants maintain that plaintiff's derivative claim is based upon alleged violations of the Act and are time barred. Plaintiff contends that he has only asserted state claims. Since the Court cannot determine from the face of the complaint when plaintiff's cause of action accrued or whether equitable tolling is appropriate, defendants' motion to dismiss based on the statute of limitations is denied.

An appropriate Order will be issued.

### *ORDER*

AND NOW, this 5th day of November, 1985, upon consideration of Westinghouse Electric Corporation's Motion, filed on August 30, 1985, to Join in the Motion to Dismiss Filed by the Individual Defendants Who Have Been Served, IT IS HEREBY ORDERED that said Motion is GRANTED.

AND, further, upon consideration of the Motion to Dismiss, filed on June 12, 1985, by the Defendants Who Have Been Served, IT IS HEREBY ORDERED that said Motion is GRANTED without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted leave of court to amend the complaint within ten (10) days from the date of this Order.

---

**6.** Pennsylvania's security for expense statute is contained in 15 P.S. § 1516 (Purdon's 1985).