George C. LESSNER and Esther M.
Lessner, Plaintiffs,

v.

E. Paul CASEY and Ex–Cell–O
Corporation, Defendants.

Civ. A. No. 86–CV–73442–DT.

United States District Court,
E.D. Michigan, S.D.

Feb. 9, 1988.

Todd S. Collins, Philadelphia, Pa., Roger E. Craig, Detroit, Mich., for plaintiffs.

Robert B. Webster, Birmingham, Mich., Marc P. Cherno, New York City, for defendants.

1. The Class consists of all persons who sold shares of Ex–Cell–O common stock pursuant to

OPINION

DUGGAN, District Judge.

This is a class action suit for violation of federal securities laws. Plaintiffs, former shareholders of Ex–Cell–O Corporation, allege that the defendants fraudulently induced them to sell their Ex–Cell–O stock at an inadequate price. Defendants are Ex–Cell–O Corporation and its former President and Chairman of the Board of Directors, E. Paul Casey. Defendants purchased the shares for $52.50 each, under the terms of its Offer to Purchase (the "Self–Tender Offer"), which plaintiffs allege contained material misstatements and omissions. Approximately three weeks after defendants purchased plaintiffs' stock, Textron, Inc. purchased all shares of Ex–Cell–O for $77.50 per share.

Currently, plaintiffs have moved for partial summary judgment on their claim that defendants failed to disclose that the offering price for Ex–Cell–O common stock was set without regard to the fairness of the price to plaintiffs and other members of the class,[1] in violation of section 10(b) and 13(e) of the Securities and Exchange Act of 1934, and Rules 10b–5 and 13e–4 of the Regulations. Defendants oppose the Motion for Summary Judgment on several grounds.

On a motion for summary judgment, all facts must be viewed in a light most favorable to the party opposing the motion. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984). The court may grant summary judgment only if the moving party demonstrates that there are no genuine issues of material fact, and that he or she is entitled to a judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146, 1148 (6th Cir.1985).

I. Section 10(b) and Rule 10b–5

Section 10(b) of the Securities and Exchange Act of 1934 prohibits the use of any "manipulative or deceptive device or contrivance in contravention of [federal securi-

the Self–Tender Offer.

ties laws.]" The pertinent part of Rule 10b–5 states:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

\*　　\*　　\*　　\*　　\*　　\*

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading. . . .

17 C.F.R. § 240.10b–5.

In *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), the U.S. Supreme Court held that scienter is an essential element of a claim under section 10(b) or Rule 10b–5. *Ernst & Ernst* at 201, 213–15, 96 S.Ct. at 1385, 1391.

The Sixth Circuit has held that Rule 10b–5 does not impose an affirmative obligation on the corporation to disclose all material information, unless a duty to disclose exists:

. . . the established view is that a "duty to speak" must exist before the disclosure of material facts is required under Rule 10b–5. *See Flynn v. Bass Brothers Enterprises, Inc.*, 744 F.2d 978, 984 (3d Cir.1984) (*citing Chiarella v. United States*, 445 U.S. 222, 235, 100 S.Ct. 1108, 1118, 63 L.Ed.2d 348 (1980); *Staffin v. Greenberg*, 672 F.2d 1196, 1202 (3d Cir. 1982)).

*Starkman v. Marathon Oil Co.*, 772 F.2d 231, 238 (6th Cir.1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1195, 89 L.Ed.2d 310 (1986).

If a "duty to speak" exists, courts impose a further limitation on the duty to disclose:

. . . only misstatements of *material* facts and omissions of *material* facts necessary to make other required statements not misleading are prohibited by Rule 10b–5. (Emphasis added.)

*Id.*

The Sixth Circuit has adopted the Supreme Court's definition of "material" established in *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449, 96 S.Ct. 2126, 2132, 48 L.Ed.2d 757 (1976):

*An omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote.* This standard is fully consistent with [*Mills v. Electric Auto–Lite Co.*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970) ] general description of materiality as a requirement that "the defect have a significant propensity to affect the voting process." *It does not require proof of a substantial likelihood that disclosure of the omitted fact would have caused the reasonable investor to change his vote.* What the standard does contemplate is a showing of a substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of the reasonable shareholder. Put another way, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available. (Emphasis added.)

In addition, when the alleged fraud is a failure to disclose, proof of reliance is unnecessary; to recover, a plaintiff need show only that the fact or facts withheld were material. *Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128, 153–54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972). "Th[e] obligation to disclose and th[e] withholding of a material fact establish the requisite element of causation in fact." *Affiliated Ute* at 154, 92 S.Ct. at 1472.

In the present case, plaintiffs allege a failure to disclose that defendants did not consider the fairness of the offering price to tendering shareholders. In his deposition testimony, Richard A. McWhirter, Ex-Cell-O's Senior Vice-President, stated that he and other members of Ex-Cell-O

management never discussed whether the offering price was fair to the tendering shareholders, and that the driving force behind the Self–Tender Offer was not to get the highest price possible for tendering shareholders. (McWhirter Deposition at 73, 142).

Plaintiffs allege that defendants had a duty to disclose the fact that Ex–Cell–O management had not considered the fairness of the offering price because defendants occupied a position of trust and confidence in relation to the shareholders, and because of certain "cautionary statements" included in the Self–Tender Offer, which "opened the door" to full disclosure.

Plaintiffs also allege that the omission was material, because plaintiff George Lessner and another former shareholder, Richard Hook,[2] testified at their depositions that they relied on defendants' integrity and their fiduciary obligations owed to shareholders, in deciding to tender their stock to Ex–Cell–O.

Finally, plaintiffs argue that defendants acted with scienter, because of McWhirter's testimony that Ex–Cell–O management had not considered the fairness of the offering price.

Defendants argue that they were not required, under federal securities law, to disclose whether they considered the "fairness" of the terms of the offering. Defendants maintain that plaintiffs' claim is actually one for breach of fiduciary duty, and thus fails to state a cause of action under § 10(b) or Rule 10b–5.

The U.S. Supreme Court, in *Santa Fe Industries, Inc. v. Green,* 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977), held that a breach of fiduciary duty by majority stockholders, in the absence of any deception, misrepresentation, or nondisclosure, does not violate § 10(b) or Rule 10b–5. *Santa Fe Industries* at 476–480, 97 S.Ct. at 1302–04. The Court held that the word "manipulative," as used in the statute, required a showing of practices intended to mislead investors by artificially affecting

market activity. *Santa Fe Industries* at 476, 97 S.Ct. at 1302. Thus, the Court stated:

> "[O]nce full and fair disclosure has occurred the fairness of the terms of the transaction is at most a tangential concern of the statute.

> \*   \*   \*   \*   \*   \*

> Congress by § 10(b) did not seek to regulate transactions which constitute no more than internal corporate mismanagement."

*Santa Fe Industries* at 478, 479, 97 S.Ct. at 1303, 1304. The Court also noted that an extension of § 10(b) and Rule 10b–5 to cover claims of breaches of fiduciary duty would be an unwarranted interference in state corporate law.

Subsequently, in *Biesenbach v. Guenther,* 588 F.2d 400 (3d Cir.1978), the Third Circuit held that a plaintiff's claim that a corporate fiduciary made material misrepresentations regarding whether corporate transactions were in the best interests of shareholders failed to state a claim under § 10(b) or Rule 10b–5. *Biesenbach* at 402. The *Biesenbach* court stated:

> It is bemusing and ultimately pointless to charge that directors perpetrated a "material omission" when they failed to (a) discover and adjudged faithless motives for their actions and (b) announce such a discovery in reporting the products of their managerial efforts and judgment. The securities laws, while their central insistence is upon disclosure, were never intended to attempt any such measures of psychoanalysis or reported self-analysis. The unclean heart of a director is not actionable, whether or not it is "disclosed," unless the impurities are translated into actionable deeds or omissions both objective and external.

*Biesenbach* at 402.

Similarly, the Second Circuit, citing *Santa Fe Industries,* held in *Billard v. Rockwell Intern. Corp.,* 683 F.2d 51, 56 (2d Cir.1982), that the fairness of an offering

---

**2.** Richard Hook is a plaintiff in a companion case, *Schenet v. Anderson,* 678 F.Supp. 1280

(E.D.Mich.1988).

price cannot be the basis for an action under § 10(b).[3] In *Nutis v. Penn Merchandising Corp.*, 610 F.Supp. 1573 (E.D. Penn.1985), the U.S. District Court for the Eastern District of Pennsylvania held that shareholders' claims that corporate fiduciaries had failed to disclose that a merger price was " 'grossly unfair' " did not state a cause of action under § 10(b) or Rule 10b–5.

In the present case, plaintiffs allege that defendants failed to disclose that they did not consider the fairness of the offering price to Ex–Cell–O shareholders. The Court finds that this allegation is tantamount to an allegation that defendants breached their fiduciary duty to the plaintiffs and other members of the class. Under the U.S. Supreme Court's holding in *Santa Fe Industries*, and the cases interpreting it, plaintiffs have failed to state a cause of action under § 10(b) or Rule 10b–5, and their Motion for Summary Judgment must be denied.

## II. Section 13(e) and Rule 13e–4

The pertinent part of 13(e) of the Securities & Exchange Act of 1934 (15 U.S.C. § 78m(e)) states:

> It shall be unlawful for an issuer which has a class of equity securities registered pursuant to section 781 of this title, or which is a closed-end investment company registered under the Investment Company Act of 1940, to purchase any equity security issued by it if such purchase is in contravention of such rules and regulations as the Commission, in the public interest or for the protection of investors, may adopt (A) to define acts and practices which are fraudulent, deceptive, or manipulative, and (B) to prescribe means reasonably designed to prevent such acts and practices.

The pertinent part of Rule 13e–4 (17 C.F.R. § 240.13e–4) states:

> It shall be a fraudulent, deceptive or manipulative act or practice, in connection with an issuer tender offer, for an issuer or an affiliate of such issuer, in connection with an issuer tender offer:
>
> \* \* \* \* \* \*
>
> (ii) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading. . . .

In sum, § 13(e) and Rule 13e–4 forbid the purchase of securities by the issuer in contravention of § 10(b) and Rule 10b–5. Because the Court has found that plaintiffs' allegations do not state a claim for violation of § 10(b) or Rule 10b–5, plaintiffs' allegations regarding defendants' failure to disclose that they did not consider the fairness of the offering price likewise fail to support a claim for violation of § 13(e) or Rule 13e–4. Accordingly, plaintiffs' Motion for Partial Summary Judgment must be denied.

An Order reflecting the above will be issued.

---

**3.** The *Billard* court found, however, that allegations that experts had examined the price and certified it as fair did state a cause of action under § 10(b) if the experts had advised the offeror that the price was unfair. *Billard* at 56–57.